UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VICKIE GALVIN,

       Plaintiff,

v.

BUTLER SCHOOL DISTRICT 53,

       Defendant.

## COMPLAINT

Plaintiff, Vickie Galvin ("Galvin" or "Plaintiff"), by and through her attorneys, Caffarelli & Associates Ltd., and for her Complaint against Defendant Butler School District 53 (the "District" or "Defendant"), states as follows:

### NATURE OF ACTION

1. This is an individual action based on Defendant's failure to pay Plaintiff for all hours worked, and specifically for failing to pay her the overtime rate of one and one-half times her regular rate of pay (the "overtime rate") for hours worked in excess of forty (40) per week ("overtime hours"), in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff also brings a claim pursuant to the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq.* ("IMWL") based upon the same practice.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (right of action under the FLSA).

3. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the State of Illinois, at the Defendant's principal place of business in DuPage County, Illinois. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Galvin is an adult resident of Oakbrook Terrace, Illinois. She was employed as Administrative Assistant to the Superintendent for Defendant from November 2014 through May 13, 2019.

6. Defendant is a public Illinois school district. Its principal office is located in Oak Brook, DuPage County, Illinois.

7. Throughout her employment, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and IMWL.

8. Defendant is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

## STATEMENT OF FACTS

9. Plaintiff began working as Administrative Assistant to the Superintendent for Defendant in 2014.

10. Throughout her employment with the District, Plaintiff was not exempt from the overtime provisions of the FLSA and IMWL.

11. From the beginning of her employment through approximately December 2018, Defendant paid Galvin a fixed salary that did not fluctuate based upon her actual hours worked.

12. During the three (3) years preceding the filing of this Complaint, Galvin routinely worked in excess of forty (40) hours per workweek.

13. During the three (3) years preceding the filing of this Complaint, Defendant knew or should have known that Plaintiff routinely worked in excess of forty (40) hours per workweek.

14. During the three (3) years preceding the filing of this Complaint, Plaintiff was entitled under the law to be paid at the overtime rate for all overtime hours.

15. During the three (3) years preceding the filing of this Complaint, Defendant failed to pay Plaintiff at the overtime rate for all overtime hours.

16. Defendant was aware of its obligation to pay non-exempt workers – including Plaintiff – at the overtime rate for all overtime hours and intentionally chose not to pay Plaintiff accordingly.

17. Defendant acted in bad faith in failing to properly compensate Plaintiff for the work she performed.

## COUNT I – FAIR LABOR STANDARDS ACT

18. Plaintiff re-states and incorporates each of the above paragraphs as though fully set forth herein.

19. Pursuant to 29 U.S.C. § 2017, Plaintiff was entitled to be compensated at the overtime rate for all hours worked in excess of forty (40) in individual workweeks during her employment with Defendant.

20. Defendant failed to pay Galvin at the overtime rate for all overtime hours.

21. Defendant's failure to pay Galvin at the overtime rate for all overtime hours is a violation of the FLSA.

22. Defendant knew its obligations under the FLSA, but deliberately chose not to heed them. Defendant's failure to properly compensate Plaintiff is therefore a willful violation of the law.

23. As a direct and proximate result of Defendant's violation of the FLSA, Galvin is due back wages and liquidated damages.

WHEREFORE, Plaintiff Vickie Galvin respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding Plaintiff her reasonable attorneys' fees and costs incurred in filing this action; and

e) Awarding such additional relief as the Court may deem just and proper.

## COUNT II – ILLINOIS MINIMUM WAGE LAW

24. Plaintiff re-states and incorporates the above paragraphs as though fully set forth herein.

25. This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for its failure to pay Plaintiff overtime wages for overtime hours.

26. Pursuant to the IMWL, for all hours which the Plaintiff worked in excess of forty (40) hours per workweek, she was entitled to be compensated at the overtime rate.

27. As set forth above, Defendant failed to pay Plaintiff at an overtime rate for overtime hours.

28. Defendant violated the IMWL by failing to pay Plaintiff overtime wages for all overtime hours.

29. Defendant's failure to pay overtime wages for all hours worked over forty (40) per workweek is a willful violation of the IMWL, since Defendant's conduct shows that it either knew that its conduct violated the IMWL or showed reckless disregard for whether its actions complied with the IMWL.

30. As a direct and proximate result of Defendant's violation of the IMWL, Galvin is due back wages and statutory damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid overtime wages owed to Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the back wages in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages, including treble the amount of the underpayment and interest in the amount of 5% per month of underpayment, pursuant to 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: May 21, 2019       Respectfully submitted,

Alejandro Caffarelli      VICKIE GALVIN
Madeline K. Engel
Caffarelli & Associates Ltd.   By: /s/ *Madeline K. Engel*
224 N. Michigan Ave., Ste. 300      Attorney for Plaintiff
Chicago, IL 60604
Tel. (312) 763-6880